UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SHANE LANGSTON,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT A. CORONA,<br><br>Defendant. | Case No. 16-cv-07140-YGR (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS AND TO DISMISS ACTION WITHOUT PREJUDICE** |

## I. INTRODUCTION

Plaintiff, an inmate currently incarcerated at the California Health Care Facility and frequent litigant in federal court, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He was previously granted leave to proceed *in forma pauperis* ("IFP").

The parties are presently before the Court on Defendant's motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 20. Having read and considered the papers submitted, and being fully informed, the Court GRANTS the motion for the reasons set forth below.

## II. BACKGROUND

On October 20, 2016, Plaintiff filed his complaint, alleging constitutional violations occurring at the Correctional Training Facility ("CTF"),[1] where he previously was incarcerated.[2] Plaintiff sued Defendant CTF Correctional Sergeant A. Corona, both individually and in his official capacity. Plaintiff sought monetary damages and injunctive relief.

On July 24, 2017, the Court granted Plaintiff's motion for leave to proceed IFP, and

---

[1] The Court notes that Plaintiff incorrectly refers to CTF as the "*California* Training Facility." *See* Dkt. 1 at 2, 4-10.

[2] This matter originally was filed in the United States District Court for the Eastern District of California, but it was later transferred to this district. Dkt. 7. The Court further notes that Plaintiff has indicated that, while a prisoner, he filed four previous lawsuits against other named defendants in the Eastern District. Dkt. 1 at 1-2. He claims that these previous suits were dismissed without prejudice. *Id.* at 2.

thereafter issued an Order of Partial Dismissal and Service on the same date. Dkts. 12, 13. The following background is taken from the Court's July 24, 2017 Order, which states as follows:

> Plaintiff arrived at CTF on January 7, 2016 and was housed in the "X-Wing," which is a "known Blood Gang Wing." Dkt. 1 at 4-5. He claims that "upon [his] arrival, [he] requested to be rehoused due to enemy concerns . . . ." *Id.* On January 26, 2016, Plaintiff claims that he again alerted prison officials "that he had enemy concerns, and that his life was [in] danger . . . ." *Id.* at 5. Plaintiff notes that he previously had been classified as a "rapist, due to [an] arrest and conviction date 9-19-2003, by the Institutional Classification Committee . . . ." *Id.* at 5. On February 2 and 3, 2016, Plaintiff was assaulted by "known Blood Gang members," which Plaintiff claims was the result of his "labeling as a rapist." *Id.* Plaintiff claims that as a result of the assaults, he suffered injuries to his "face, nose, jaw, ear, head [and] left eye." *Id.* at 7. Plaintiff claims that he "is in constant pain [un]til the present day," that his left eye has blurred vision, and that he "live[s] in fear of not being protected" in prison. *Id.*
>
> Plaintiff alleges that Defendant Corona acted with deliberate indifference to his safety needs by: (1) willfully housing Plaintiff in the "X-Wing"; (2) exposing him to the risk of being assaulted by "known Blood Gang members"; and (3) refusing to house Plaintiff in protective custody, despite knowledge of Plaintiff's classification and "enemy concerns." *Id.* at 4-10. Plaintiff claims that such deliberate indifference caused him to be injured during two separate incidents on February 2 and 3, 2016, wherein he was assaulted by "known Blood Gang members." *Id.* Finally, Plaintiff claims that Defendant Corona failed to respond in "a reasonable manner" to the two incidents during which Plaintiff was assaulted. *Id.*
>
> Liberally construed, the allegations of the complaint state a claim for deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights. Plaintiff has alleged facts sufficient to link Defendant Corona to this claim.

Dkt. 13 at 3-4. Upon its initial review of the complaint, the Court dismissed as moot Plaintiff's claims for injunctive relief based on his confinement at CTF because Plaintiff was no longer incarcerated at CTF. The Court also dismissed with prejudice Plaintiff's claim against Defendant Corona in his official capacity for monetary damages. The Court determined that Plaintiff had stated a cognizable claim for deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights against Defendant Corona.

As mentioned above, Defendant has filed a motion requesting the Court revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g) and to dismiss the instant action. Even though Plaintiff was given an opportunity to do so, he has not filed an opposition.

2

## III. DISCUSSION

### A. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Section 1915(g) is commonly referred to as the "three strikes rule." The three strikes rule "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted) ("*Andrews I*"). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews I* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.* A defendant seeking to challenge a prisoner's IFP status has the burden of producing evidence that

allows the district court to conclude that the prisoner plaintiff has suffered at least three prior dismissals that count as strikes under section 1915(g). *Id.* at 1120. Once the defendants have met this initial burden, the burden shifts to the prisoner to show why a prior dismissal should not count as a strike, or why he is entitled to the imminent danger of serious physical injury exception. *Id.*

A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming district court's denial of IFP status and dismissing complaint without prejudice under section 1915(g)).

### B. Plaintiff's Prior "Strikes"

At the time Plaintiff was granted leave to proceed IFP, the Court was unaware of the basis of the dismissals of his cases in other districts, i.e., the United States District Court for the Eastern District of California. However, Defendant points out that a review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had multiple cases dismissed on the ground that they were frivolous or failed to state a claim upon which relief may be granted. This Court GRANTS Defendant's request for judicial notice of the court documents provided in support of the motion to dismiss on the grounds that Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g).[3] Dkt. 20-1. Defendant argues that the following dismissals may be counted as dismissals for purposes of section 1915(g): (1) *Langston v. Finn*, et al., No. CIV S-10-2196 EFB P (E.D. Cal. Mar. 2, 2011) (civil rights amended complaint dismissed for failure to state a claim upon which relief may be granted); (2) *Langston v. Enkoji*, No. CIV-S-10-2715 GGH P (E.D. Cal. Apr. 26, 2011) (same); (3) *Langston v. Reyes*, No. CIV S-11-1662 DAD P (E.D. Cal. Aug. 3, 2011) (on the face of civil rights complaint, success of Plaintiff's claims would undermine his criminal conviction, and claims were therefore barred by *Heck v. Humphrey*, 512 U.S. 477

---

[3] The district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in section 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status).

4

(1994))[4]; (4) *Langston v. Orr*, No. 2:11-cv-1625 JAM JFM (E.D. Cal. Nov. 29, 2012) (civil rights complaint failed to state a claim on which Plaintiff could recover because judicial immunity and the Eleventh Amendment barred his claims); (5) *Langston v. Swanson*, No. 2:08-cv-2475 EFS (E.D. Cal. May 1, 2013) (civil rights third amended complaint dismissed for failure to state a claim upon which relief may be granted); (6) *Langston v. Shiaishi*, No. 2:11-cv-1624 DAD (E.D. Cal. May 13, 2013) (civil rights amended complaint dismissed for the same reason); (7) *Langston v. Hartley*, No. 2:10-cv-3191 KJN (E.D. Cal. May 24, 2013) (civil rights second amended complaint dismissed for the same reason); and (8) *Langston v. Cole*, No. 1:11-cv-01073 GSA PC (E.D. Cal. June 10, 2013) (civil rights complaint dismissed with leave to amend for same reason, but Plaintiff requested to voluntarily dismiss complaint). *See* Dkt. 20-2 at 6-135 (Exs. 2-29).

Although Defendant has listed multiple dismissals, only three prior dismissals need qualify under section 1915(g). This Court must review at least three dismissals to determine whether they qualify as strikes under section 1915(g). *See Andrews I*, 398 F.3d at 1121. Plaintiff's dismissals in Case Nos. 2:08-cv-2475 EFS, 2:11-cv-1624 DAD, and No. 2:10-cv-3191 KJN, which were all entered before the instant action was brought by Plaintiff on October 20, 2016, may be counted as dismissals for purposes of section 1915(g). As further explained below, these dismissals all qualify as "strikes" under section 1915(g). *See id.*

### 1. Case No. 2:08-cv-2475 EFS – First Strike

In *Langston v. Swanson*, No. 2:08-cv-2475 EFS, the district judge of the Eastern District

---

[4] Defendant points out that while dismissals based on the *Heck* doctrine are not generally counted as strikes, they are strikes when the *Heck* bar is apparent from the face of the complaint, *see Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055-56 (9th Cir. 2016), as it was in Case No. CIV S-11-1662 DAD. Dkt. 20 at 11. In *Washington*, the Ninth Circuit clarified that a dismissal under *Heck* may constitute a strike under section 1915(g) for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under section 1915(g). 833 F.3d at 1055. Defendant asserts that in *Langston v. Reyes*, Plaintiff brought a section 1983 action seeking only money damages based on allegations that named defendants (his defense attorney and the prosecutor) interfered with his efforts to put forth a defense. Dkt. 20-2 at 40-41 (Ex. 9). The magistrate judge determined, from the face of the complaint, that success on Plaintiff's claims would undermine his criminal conviction, and were therefore barred by the *Heck* doctrine. The district court adopted the magistrate judge's findings, and dismissed the action in its entirety. *Id.* at 44. Defendant argues that because the *Heck* deficiency is clear from the face of the complaint and Plaintiff sought only damages, the Eastern District's dismissal in Case No. CIV S-11-1662 DAD qualifies as a strike. Dkt. 20 at 11.

screened Plaintiff's third amended complaint under 28 U.S.C. § 1915A and, on May 1, 2013, issued an order dismissing the third amended complaint with prejudice because it failed to state a claim upon which relief may be granted. Dkt. 20-2 at 85 (Ex. 17). Judgment was entered on May 1, 2013. *Id.* at 87 (Ex. 18). Because Plaintiff did not file an opposition to the present motion, he fails to provide persuasive evidence that rebuts the showing by Defendant that failure to state a claim is a qualifying reason for a strike under section 1915(g). Therefore, the Court finds that Defendant has met the burden of establishing that Case No. 2:08-cv-2475 EFS was dismissed for a qualifying reason under section 1915(g), and therefore counts as a strike. *See Andrews I*, 398 F.3d at 1120.

### 2. Case No. 2:11-cv-1624 DAD – Second Strike

In *Langston v. Shiaishi*, No. 2:11-cv-1624 DAD, Plaintiff consented to magistrate judge jurisdiction. Dkt. 20-2 at 89 (Ex. 19). The magistrate judge of the Eastern District screened and dismissed the amended complaint for failure to state a claim upon which relief can be granted on May 13, 2013. *Id.* at 103 (Ex. 20). Judgment was entered on May 13, 2013. *Id.* at 105 (Ex. 21). As mentioned, Defendant asserts that failure to state a claim is a qualifying reason for a strike under section 1915(g). Again, Plaintiff did not challenge this assertion. Therefore, Defendant has met the burden of establishing that Case No. 2:11-cv-1624 DAD was dismissed for a qualifying reason under section 1915(g), and therefore counts as a strike. *See Andrews I*, 398 F.3d at 1120.

### 3. Case No. 2:10-cv-3191 KJN – Third Strike

In *Langston v. Hartley*, No. 2:10-cv-3191 KJN, Plaintiff consented to magistrate judge jurisdiction. Dkt. 20-2 at 108 (Ex. 22). The magistrate judge of the Eastern District screened and dismissed the second amended complaint for failure to state a claim upon which relief can be granted on May 24, 2013. *Id.* at 113-14 (Ex. 23). Judgment was entered on May 24, 2013. *Id.* at 116 (Ex. 24). As mentioned above, Plaintiff did not challenge Defendant's assertion that failure to state a claim is a qualifying reason for a strike under section 1915(g). Therefore, Defendant has met the burden of establishing that Case No. 2:10-cv-3191 KJN was dismissed for a qualifying reason under section 1915(g), and therefore counts as a strike. *See Andrews I*, 398 F.3d at 1120.

In sum, Plaintiff's three aforementioned dismissals constitute "strikes" under section

1915(g). Thus, Plaintiff's IFP status must be revoked unless he can show that he is entitled to the imminent danger of serious physical injury exception under section 1915(g).

### C. Imminent Danger Exception

A plaintiff barred from bringing an action IFP because he has three strikes may still proceed without prepaying court fees if he can show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). As this is merely a "threshold procedural" question, the Ninth Circuit has indicated that district courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough under the serious physical injury prong. *Id.* at 1055. Rather, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* In order to satisfy the imminence prong, the prisoner must allege that the danger is ongoing. *See id.* at 1056-57 (prisoner who alleges that prison officials continue with practice that has injured him satisfies ongoing danger standard and meets imminence prong of three-strike exception).

A district court should liberally construe the allegations in a complaint filed by a *pro se* prisoner facing a section 1915(g) bar. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is under imminent danger of serious physical injury). It is sufficient if any part of the complaint plausibly alleges that the prisoner is in imminent danger of serious physical injury at the time of filing. *Andrews II*, 493 F.3d at 1053.

Here, Plaintiff makes no plausible allegation that he faced an imminent danger of serious physical injury at the time he filed his complaint. First, the Court notes that Plaintiff was no longer housed at CTF on October 10, 2016, the date he signed his complaint. *See* Dkt. 1. Instead, he indicated that he was being housed at Valley State Prison in Chowchilla, California. *Id.* at 1. As noted earlier, Plaintiff states one claim for relief under section 1983: a claim for deliberate indifference to safety in violation of his Eighth Amendment rights against Defendant Corona.

7

Dkt. 13 at 3-4. Plaintiff did not allege that he was under any imminent danger of serious physical injury at the time he filed his complaint. *See* Dkt. 1. Even when liberally construed, it cannot be said that Defendant's alleged deliberate indifference to Plaintiff's safety while housed at CTF placed Plaintiff under imminent danger of serious physical injury at the time of filing. The incidents involving Defendant alleged in Plaintiff's complaint in January and February 2016 seem to be isolated incidents that occurred and ended eight months before the filing of this lawsuit. *See* Dkt. 1 at 4-9. Moreover, Plaintiff had already been transferred to Valley State Prison when he filed the complaint, which is a different institution from where the aforementioned incidents occurred and not where Defendant is employed. *Id.* at 1.

Plaintiff has not shown that he is entitled to the imminent danger exception under section 1915(g) to avoid dismissal without prejudice. Plaintiff's IFP status is therefore revoked. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (revoking IFP status on appeal on three strikes grounds); *Patton v. Jefferson Corr. Center*, 136 F.3d 458, 461, 465 (5th Cir. 1998) (district court correctly revoked IFP upon discovering on remand that plaintiff had five prior strikes). Accordingly, the Court GRANTS Defendant's motion to revoke Plaintiff's IFP status, and to dismiss the action without prejudice. Dkt. 20.

## IV. CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. This Court GRANTS Defendant's request for judicial notice of the court documents provided in support of the motion to dismiss on the grounds that Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g). Dkt. 20-1.

2. The Court GRANTS Defendant's motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 20. Leave to proceed IFP is REVOKED, and the portion of the Court's July 24, 2017 Order granting Plaintiff IFP status (Dkt. 12) is VACATED.

3. This case is DISMISSED without prejudice to Plaintiff's filing a motion to reopen no later than **twenty-eight (28) days** from the date of this Order accompanied by the full filing fee of $350.00. *See* 28 U.S.C. § 1915(g). **If Plaintiff fails to file a motion to reopen and pay the**

**full filing fee within the twenty-eight-day time frame, then he may pursue his claims by filing a *new* civil rights case in which he pays the full filing fee.**

4. The Clerk of the Court shall terminate all pending motions and close the case.

5. This Order terminates Docket No. 20.

IT IS SO ORDERED.

Dated: June 15, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge

9